ADELINE HULL, by next friend, etc., v. W. E. JONES,. Administrator, et al.

LIMITATIONS. *Guardian. Sureties.* More than seven years after the death of a guardian, the ward still an infant, filed a bill against the administrator of the guardian and the sureties on guardian bond, for settlement. *Held,* the limitation of seven years prevented a decree against the estate of the deceased guardian, but that the sureties were liable, the ward being a minor.

### FROM SULLIVAN.

Appeal from the Chancery Court at Blountville.. H. C. SMITH, Ch.

C. J. ST. JOHN for complainant.

C. R. VANCE for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill was filed the 17th of May, 1879, and alleges, that David Hull died October 1st, 1870, leaving a will, which was proved on the 6th of February, 1871, leaving all his property, real and personal, for life, to his wife, and at her death equally to be divided amongst his children, except one to whom he had made advancements in his lifetime. Isabella Hull, testator's widow, was appointed as executrix by the will, and qualified as such the 6th of February, 1871. Mrs. Hull died on the 24th of February, 1879, and at the next term of the county court (March

term, 1879), defendant, W. E. Jones, was appointed and qualified as administrator, with the will annexed, of the said David Hull, deceased.

The administrator, supposing he was authorized to sell the land under the will, was about to do so, when complainant restrained him by filing this bill·

Complainant charges that she is the illegitimate child of Elizabeth, daughter of David Hull, deceased, and that she was about nineteen years of age at the time of filing her bill; that her father left her $344, and her grandfather, the said David Hull, deceased, became her guardian and executed bond, with James A. Neil and Andrew Lessly as his sureties, on the 6th day of August, 1866, and said $344, belonging to complainant, was thereupon paid over to him. The bond was renewed the 5th of January, 1869, with Andrew Gibson and Jesse Childress as sureties.

The bill further alleges that no settlement was ever made by said guardian, and insist that the said guardian's estate is liable to her, and also the said sureties on his bonds, for the whole amount of $344 and compound interest, no part of which was ever paid. Hull's administrator and his heirs at law were made parties, complainant claiming in her bill that her money went to redeem a tract of land, in which she claims a resulting trust. The sureties of Hull on his two bonds were also made parties. Answers were filed raising issues of fact and law, and the chancellor decreed that complainant had failed to establish a resulting trust, and was not entitled to any decree against the estate of D. Hull, deceased, it being pro-

tected under sections 2281 and 2786, of the Code. But as against the sureties of said Hull, no such protection existed. The said sureties were accordingly held liable to the extent of their bonds respectively, $600—the sureties on the last bond being first liable. From this decree the complainant appealed, because the chancellor refused to render a decree against the estate of Hull, and the sureties in the first bond also appealed.

It is insisted for defendants who have appealed, and complainant, that the seven years' statute of limitations in favor of the estates of deceased · persons, do not operate in this case, because the bill shows, that complainant was a minor at the beginning of this suit. The argument is, that the statute does not begin to run until there is a cause of action, and that complainant being a single woman and but nineteen years of age, she was not entitled to sue her guardian in her own name and right for money in his hands until she attained the age of twenty-one, or was married.

The cause of action, we think, arose from the time of the conversion of the fund by the guardian, and this was most probably within a very short time after he received it. She had then the right to sue, as she had when this bill was filed by her next friend. The sections cited do not save the rights of infants, as do other sections of the Code. And it is upon this ground of infancy, that the operation of the statute of six years, within which time actions against the sureties of guardians are to be begun, is sus-

Railroad Co. *v.* Feathers.

pended. And because of this provision the chancellor held the sureties liable. We are of opinion his decree was correct, and it will be affirmed.

Another branch of the case, awaiting the determination of this court, by the chancellor's decree on the points appealed from, remains suspended in the court below, and this cause will be remanded for further proceedings.

The costs of this court will be paid one-half by complainant and the other half by the sureties who appealed.